**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| League of Women Voters of Minnesota Education Fund, Vivian Latimer Tanniehill,<br><br>Plaintiffs,<br><br>v.<br><br>Steve Simon, in his official capacity as Secretary of State of Minnesota,<br><br>Defendant. | Civil Action No. 0:20-cv-01205-ECT-TNL<br><br>**<u>STIPULATION AND PARTIAL CONSENT JUDGMENT AND DECREE</u>** |

1.     Whereas, on March 13, 2020, Minnesota Governor Tim Walz issued Executive Order 20-01 in which he declared a peacetime emergency in Minnesota because the COVID-19 pandemic threatens the lives of Minnesotans. Minn. Emergency Exec. Order 20-01.

2.     Whereas, on May 13, 2020, Governor Walz issued another Executive Order prohibiting gatherings of more than ten people, requiring public accommodations including restaurants and bars to stay closed, requiring workers to work from home if possible, mandating social distancing protocols in workplaces that open, and stating that "[a]ll persons currently living within the State of Minnesota who are at risk of severe illness from COVID-19 . . . are strongly urged to stay at home or in their place of residence." Minn. Emergency Exec. Order 20-56.

3.     Whereas, on June 5, 2020, Governor Walz issued another Executive Order recognizing that the "COVID-19 pandemic continues to present an unprecedented and rapidly evolving challenge to our State," prohibiting all indoor social gatherings of more than 10 people and outdoor social gatherings of more than 25 people, mandating social distancing protocols in workplaces that open, and stating that "[a]ll persons currently living within the State of

1

Minnesota who are at risk of severe illness from COVID-19 . . . are strongly urged to stay at home or in their place of residence." Minn. Emergency Exec. Order 20-74.

4.      Whereas COVID-19 positive cases and deaths attributed to COVID-19 in Minnesota continue to rise at a rapid rate. *See* Minnesota Department of Health, *Situation Update for COVID-19*, https://www.health.state.mn.us/diseases/coronavirus/situation.html#dailyc1.

5.      Whereas, on May 28, 2020, State health commissioner Jan Malcolm warned that although Governor Walz's stay-at-home order slowed the growth of the pandemic in Minnesota, the State's peak may still be yet to come. Jeremy Olson, STAR TRIBUNE, *Minnesota's streak of declining daily COVID-19 case counts ends*, https://www.startribune.com/minnesota-virus-deaths-up-29-cases-up-590/570867092/ (May 29, 2020).

6.      Whereas, the Minnesota Department of Health continues to advise all Minnesotans to "stay at home as much as possible," and "stay at least 6 feet apart." Minnesota Department of Health, *Protect Yourself & Others: COVID-19*, https://www.health.state.mn.us/diseases/coronavirus/prevention.html (last visited May 30, 2020).

7.      Whereas, on May 19, 2020, Plaintiffs League of Women Voters of Minnesota and Vivian Latimer Tanniehill filed a complaint against Defendant Steve Simon challenging the state's witness requirement for absentee voting. Among other relief requested, the Complaint sought to enjoin enforcement of any statute or regulation that directly or indirectly requires any voter to obtain a witness signature in order cast an absentee ballot or mail ballot, and have such ballot counted, in any election conducted during the COVID-19 pandemic, including all elections conducted during 2020. ECF No. 1 at 28.

8.      Whereas on May 29, 2020, Plaintiffs filed a motion for preliminary injunction requesting, *inter alia*, that this Court prohibit Defendant Simon from enforcing any provision of

law—including Minn. Stat. § 203B.07, Minn. Stat. § 204B.45, and their implementing regulations—insofar as such provisions would require voters casting absentee or mail ballots to obtain the signature, address, title, or notarial stamp of a witness for any election held in calendar year 2020. ECF. No. 13 at 1.

9. Whereas federal guidelines state that in order to practice social distancing people should keep space between themselves and people outside of their home by staying "at least 6 feet (about 2 arms' length) from other people." Social Distancing, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html. And whereas the CDC currently suggests that election officials "encourage voters to use voting methods that minimize direct contact with other people," "encourage mail-in methods of voting," and "consider additional social distancing and other measures to protect these individuals during voting." Ctrs. for Disease and Control, *Recommendations for Election Polling Locations*, https://www.cdc.gov/coronavirus/2019-ncov/community/election-polling-locations.html (last updated March 27, 2020).

10. Whereas on May 13, 2020, Defendant Simon released a statement which read in part: "To slow the spread of COVID-19 we need to reduce large gatherings, including at polling places. I'm challenging all eligible Minnesota voters to cast their vote from the safety of their home." Sec. Simon Urges Minnesotans to Request Absentee Ballots for 2020 Elections, OFFICE OF THE MINN. SEC'Y OF STATE (May 13, 2020), https://www.sos.state.mn.us/about-the-office/news-room/sec-simon-urges-minnesotans-to-request-absentee-ballots-for-2020-elections/.

11. Whereas, pursuant to Minn. Stat. § 203B.081 Subd. 1, primary elections for offices including U.S. Senate, U.S. House of Representatives, Minnesota Senate, and Minnesota

House of Representatives, among others, will be held on August 11, 2020 with early and absentee voting beginning on June 26, 2020 (the "August Primary").

12. Whereas Plaintiffs are required to closely interact with individuals who do not live in their households in order to cast their ballots in the August Primary in violation of the CDC and the State's own social distancing guidelines, Plaintiffs and Defendant (collectively, the "Parties") agree that that an expeditious resolution of this matter for the August Primary, in the manner encompassed by the terms of this Consent Decree, is in the best interests of the health, safety, and constitutional rights of the citizens of Minnesota, and therefore in the public interest.

13. Whereas, on April 28, 2020, the Wisconsin Department of Health Services reported that 52 people who voted in person or worked the polls for Wisconsin's April 7, 2020 primary election have tested positive for COVID-19 thus far.

14. Whereas federal courts in other states have enjoined those states from enforcing witness requirements, similar to Minnesota's witness requirement, for primary elections this spring. *See Thomas v. Andino*, -- F. Supp. 3d. --, 2020 WL 2617329 (D.S.C. May 25, 2020); *League of Women Voters of Virginia v. Virginia State Board of Elections*, -- F. Supp. 3d --, 2020 WL 2158249 (W.D. Va. May 5, 2020).

15. Whereas Defendant Simon agrees not to enforce the witness requirement for the August Primary for absentee voters who fear that complying with the requirement will risk their health and safety and possibly expose them to COVID-19.

16. Whereas Plaintiffs agree to withdraw their May 19, 2020, motion for preliminary injunction upon entry of this Partial Consent Judgment and Decree.

17. Whereas, the Parties agree that entry of this Consent Decree does not affect the viability of Plaintiffs' First and Fourteenth Amendment and Equal Protection claims with respect

4

to enforcement of the witness requirement in any subsequent elections after the August Primary, nor does it affect the Plaintiffs' right to seek preliminary and temporary relief with respect to enforcement of the witness requirement in any subsequent elections after the August Primary. The Parties also agree that Defendant is not waiving any defenses regarding the enforcement of the witness requirement for any election other than the August Primary, any defenses based on events that occur after the execution of this Partial Consent Decree, or any defenses unrelated to the allegations filed by Plaintiffs in this lawsuit.

18. Whereas the terms of this Partial Consent Judgment and Decree were negotiated at arm's length through counsel for the parties.

19. Whereas the Court finds that it has subject matter jurisdiction over the Consent Parties and that the Partial Consent Judgment and Decree is fair, adequate, and reasonable because such agreement preserves the constitutional right to vote of Plaintiffs and other Minnesota voters while promoting public health during a pandemic and does so without harming the integrity of Minnesota's elections. The Court gives appropriate weight to Defendant's expertise and public interest responsibility in the area of election administration.

20. Whereas Plaintiffs made a sufficiently strong showing on the merits of the claim, as shown in their complaint and motion for preliminary injunction, to further support the fairness, adequacy, and reasonableness of this Partial Consent Judgment and Decree.

21. Whereas the Parties shall each bear their own fees, expenses, and costs incurred as of the date of this Order with respect to Plaintiffs' claims raised as to the August Primary against Defendant.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED FOR THE REASONS STATED ABOVE IN PARAGRAPHS 1-17 THAT:**

1.     For the Primary elections scheduled August 11, 2020, Defendant shall not enforce the requirement—as stated in Minn. Stat. § 203B.07, Minn. Stat. § 204B.45, and their implementing regulations—that previously registered voters casting absentee or mail ballots must obtain the signature, address, title, or notarial stamp of a witness.

2.     Defendant shall issue guidance instructing all relevant local election officials and ballot boards that, for the August Primary, no absentee ballot or mail ballot cast by a previously registered voter may be rejected for failure to include the signature, address, title, or notarial stamp of a witness.

3.     Defendant shall issue guidance instructing all relevant local election officials to modify, amend, or print the instructions accompanying each absentee ballot to inform voters that any absentee ballot cast by a previously registered voter in the August Primary without a witness signature will not be rejected on that basis and that the witness signature line and associated language for witnesses to certify a previously registered voter's ballot, Minn. Stat. § 203B.07, subd. 3 (1) and (2), be removed from the certification of eligibility altogether for absentee ballot materials sent to previously registered voters. To the extent voting materials are already printed, the guidance shall instruct the local election officials to include, in all future mailings of ballots, a notice informing the voter of the change in the witness requirement.

4.     Defendant shall take additional reasonable steps to inform the public that the witness requirement will not be enforced for the August primary. This shall include a notice prominently placed on Defendant's website.

5.     Plaintiffs' Motion for Preliminary Injunction is hereby withdrawn, without prejudice.

DATE: _____

SIGNED: _____
U.S. District Judge Eric C. Tostrud

The undersigned parties enter into this Consent Decree.

Date:   June 16, 2020

PLAINTIFFS LEAGUE OF WOMEN VOTERS AND VIVIAN LATIMER TANNIEHILL

By:   *Julia Dayton Klein* (signature)

Name:   Julia Dayton Klein

Their:   Attorney

Date:   June 16, 2020

MINNESOTA SECRETARY OF STATE STEVE SIMON

By:   *Steve Simon* (signature)

Name:   Steve Simon

Its:   Secretary of State