UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

League of Women Voters of Minnesota
Education Fund and Vivian Latimer
Tanniehill,

        Plaintiffs,

v.

Steve Simon, in his official capacity as
Secretary of State of Minnesota,

        Defendant.

File No. 20-cv-1205 (ECT/TNL)

**ORDER**

The Parties have filed a stipulation and proposed partial consent judgment and decree.  ECF No. 24.  "Approval of a consent decree requires careful court scrutiny." *Ibarra v. Texas Emp't Comm'n*, 823 F.2d 873, 878 (5th Cir. 1987).  "Even though the [proposed] decree is predicated on consent of the parties," *United States v. City of Miami*, 664 F.2d 435, 440–41 (5th Cir. 1981) (Rubin, J., concurring), a district court may not "mechanistically 'rubber stamp' the consent decree," but rather must "consider the underlying facts and legal arguments" that support or undermine the proposal, *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1019 (8th Cir. 2002).  The consent decree must be found to "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction, . . . come within the general scope of the case made by the pleadings, . . . and must further the objectives of the law upon which the complaint was based."  *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (internal citations, quotations, and alterations omitted).  Furthermore, the proposed

decree must be "examine[d] carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence." *City of Miami*, 664 F.2d at 441; *see also, e.g.*, *Illinois v. City of Chicago*, 912 F.3d 979, 987 (7th Cir. 2019); *Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002); *United States v. Oregon*, 913 F.2d 576, 581–82 (9th Cir. 1990) *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983). "If the decree also affects third parties, the court must be satisfied that the effect on them is neither unreasonable nor proscribed." *City of Miami*, 664 F.2d at 441 (footnote omitted); *see also, e.g.*, *Bass v. Fed. Sav. & Loan Ins. Corp.*, 698 F.2d 328, 330 (7th Cir. 1983). Accordingly, a fairness hearing regarding the stipulation and proposed partial consent judgment and decree will be held on Thursday, June 18, 2020, at 11:00 a.m. by videoconference. Instructions for joining the videoconference will be sent to counsel separately.

**SO ORDERED.**

Date:  June 16, 2020                                  s/ Eric C. Tostrud
                                                      Eric C. Tostrud
                                                      United States District Court