**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

LEAGUE OF WOMEN VOTERS OF MINNESOTA EDUCATION FUND and VIVIAN LATIMER TANNIEHILL,

*Plaintiffs*,

v.

STEVE SIMON, in his official capacity as Secretary of State of Minnesota,

*Defendant*.

Case No. 0:20-cv-01205-ECT-TNL

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO CONTINUE HEARING**

Movants—Donald J. Trump for President, Inc., the Republican National Committee, and the Republican Party of Minnesota—respectfully ask this Court to continue the fairness hearing scheduled for today. Movants strongly object to the parties' proposed consent decree, which would rewrite Minnesota election law shortly before the next election and significantly injure Movants. A brief continuance would allow Movants to intervene in this case and participate at the fairness hearing. As explained in more detail below, Movants have "good cause" for a continuance. LR 6.1(a). Movants respectfully request a ruling on their motion **before 11:00 A.M. today, Thursday, June 18, 2020**.

1. Plaintiffs filed their complaint less than a month ago. Doc. 1. Their complaint alleges that, due to COVID-19, two Minnesota elections laws are now

unconstitutional: the law requiring absentee voters to have someone witness their ballot, Minn. Stat. §203B.07, and the law specifying who can serve as a witness, §204B.45. Plaintiffs want these laws enjoined for the August primary election and the November general election. *See* Doc. 1 at 23-25.

2.   Dozens of similar lawsuits have been filed by the Democratic Party and other groups across the country, all alleging that COVID-19 has made otherwise valid election laws unconstitutional. When Republican Party organizations have moved to intervene in these cases, the courts have granted intervention. *See, e.g.*, *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) (granting intervention to the Republican National Committee, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31,

2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same).

3. Some of these lawsuits were filed against Democratic officials, who declined to defend their laws. But when courts have reached the merits of these cases, they usually reject them.

4. In Wisconsin, for example, the Democratic Party challenged a witness requirement similar to Minnesota's. The Republican Party successfully intervened. Over the course of the litigation, Wisconsin's Democratic attorney general withdrew from the case, Wisconsin's Democratic governor tried to moot the case, and Wisconsin's election officials refused to defend the challenged laws. The district court enjoined the witness requirement, *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1638374, at *20 (W.D. Wis. Apr. 2, 2020), but the Seventh Circuit stayed its decision. States maintain their "substantial interest in combatting voter fraud" during a pandemic, the Seventh Circuit explained, and so the plaintiffs were unlikely to show that witness requirements are now unconstitutional. *Democratic Nat'l Comm. v. Bostelmann*, Doc. 30, No. 20-1538 (7th Cir. Apr. 3, 2020).

5. The Fifth and Sixth Circuits have also stayed district-court decisions enjoining election laws in light of COVID-19. *See Thompson v. Dewine*, 959 F.3d 804 (6th Cir. 2020); *Tex. Democratic Party v. Abbott*, 2020 WL 2982937 (5th Cir. June 4, 2020). And the Eighth Circuit administratively stayed a district-court decision that enjoined a witness requirement in light of COVID-19. *See Miller v. Thurston*, Text Order, No. 20-

2095 (8th Cir. June 15, 2020). The Eighth Circuit expedited briefing in that case so the Court can issue a decision before August. *Id.*

6. In this case, Plaintiffs moved for a preliminary injunction on May 29. *See* Doc. 13. Defendant filed an answer on June 9, denying all of Plaintiffs' substantive claims and stating that the complaint "fail[s] to state a claim." Doc. 22 at 33-40.

7. Nevertheless, on June 16, the parties submitted a proposed consent decree. In it, Defendant agrees not to enforce the witness requirement in the August primary. Doc. 24 at 6. The decree represents that Plaintiffs made a "sufficiently strong showing on the merits," Doc. 24 at 5, and cites two district-court decisions—one that contains little reasoning and was never appealed, and one that involved only a consent decree. Doc. 24 at 4 (citing *Thomas v. Andino*, 2020 WL 2617329 (D.S.C. May 25, 2020); *League of Women Voters of Va. v. Va. State Bd. of Elections*, 2020 WL 2158249 (W.D. Va. May 5, 2020)). No mention is made of the many cases denying this kind of relief.

8. This Court scheduled a fairness hearing for 11 A.M. this morning. In its order, the Court stressed that it will not approve the consent decree unless "'the underlying facts and legal arguments'" support it, the decree "'further[s] the objectives of the law,'" and the decree does not unreasonably "'affect[] third parties.'" Doc. 26 at 1-2. Plaintiffs and Defendant, of course, are not adverse on these questions.

9. After learning of these developments, Movants worked diligently to secure counsel. Once counsel was secured, Movants drafted and filed this motion as quickly as they could.

10. Movants will soon file a motion to intervene in this case, which should be granted. Intervention is necessary to protect Movants' candidates, voters, and resources from the parties' last-minute attempt to fundamentally alter Minnesota election law. Movants' intervention is also necessary to give the Court their views on the important questions surrounding the proposed consent decree—likely the *only* adversarial argument that this Court will hear.

11. Movants thus ask this Court for a brief continuance of today's hearing. Without a continuance, Movants cannot intervene, participate in the fairness hearing, and potentially appeal. The consent decree will irreparably harm Movants' interests in the August primary, and will be entered without the benefit of Movants' views.

12. A short continuance will not prejudice the parties. Movants' intervention motion can be filed, briefed, and decided on a highly expedited basis. And while the August election is approaching, a slight delay should make little difference to the parties. If the consent decree is issued a week or two later, the parties would still have plenty of time to "not enforce" the witness requirement, to "issue guidance," to mail "a notice," and to "inform the public." Doc. 24 at 6.

For all these reasons, Movants respectfully ask this Court to continue the fairness hearing for a short time so that Movants have a chance to participate.

Respectfully submitted,

Dated: June 18, 2020

*s/ Richard G. Morgan*
Richard G. Morgan
LEWIS BRISBOIS
90 South 7th Street
Suite 2800
Minneapolis, MN 55402
612-428-5000
612-428-5001 (fax)
richard.morgan@lewisbrisbois.com

Thomas R. McCarthy (pro hac vice forthcoming)
Jeffrey M. Harris (pro hac vice forthcoming)
Cameron T. Norris (pro hac vice forthcoming)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
jeff@consovoymccarthy.com
cam@consovoymccarthy.com

*Counsel for Donald J. Trump for President, Inc., the Republican National Committee, and the Republican Party of Minnesota*