# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MINNESOTA EDUCATION FUND and VIVIAN LATIMER TANNIEHILL, *Plaintiffs*, <br><br> v. <br><br> STEVE SIMON, in his official capacity as Secretary of State of Minnesota, *Defendant*, <br><br> DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE, and REPUBLICAN PARTY OF MINNESOTA, *[Proposed] Intervenor-Defendants*. | Case No. 0:20-cv-01205-ECT-TNL |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS BY DONALD J. TRUMP FOR PRESIDENT, INC., THE REPUBLICAN NATIONAL COMMITTEE, AND THE REPUBLICAN PARTY OF MINNESOTA

The Court should allow Movants, Donald J. Trump for President, Inc., the Republican National Committee, and the Republican Party of Minnesota, to intervene as defendants in this case. As the Democratic Party recently observed, "political parties usually have good cause to intervene in disputes over election rules." *Issa v. Newsom*, Doc. 23 at 2, No. 2:20-cv-01044-MCE-CKD (E.D. Cal. June 8, 2020). That is why, in the recent spate of litigation over COVID-19, the Democratic and Republican parties

have been granted intervention every time they've moved for it.* This Court should do the same here for two independent reasons.

**First**, Movants satisfy the criteria for intervention as of right under Rule 24(a)(2). Their motion is timely; the complaint was filed barely a month ago, this litigation is still in its infancy, and no party will be prejudiced by intervention at this early stage. Movants also have a clear interest in protecting their candidates, voters, and resources from the parties' last-minute attempt to fundamentally alter Minnesota election law. Finally, no other party adequately represents Movants' interests. The existing Defendants have demonstrated an unwillingness to defend the law, as evidenced by the consent decree. Movants' intervention will provide the *only* adversarial testing of that decree—and likely the rest of the case.

**Second**, and alternatively, the Court should grant Movants' permissive intervention under Rule 24(b). Again, this motion is timely. Movants' defenses share

---

* *See, e.g., Issa v. Newsom*, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention to the DCCC and the Democratic Party of California); *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) (granting intervention to the Republican National Committee, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Paher v. Cegavske*, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention to four Democratic Party entities); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same).

common questions of law and fact with the existing parties, and intervention will result in no delay or prejudice. The Court's resolution of the important questions here will have significant implications for Movants as they work to ensure that candidates and voters have the undeterred opportunity to participate in fair elections, both in the August primary and the November election.

Whether under Rule 24(a)(2) or (b), Movants should be allowed to intervene as defendants.

## INTERESTS OF PROPOSED INTERVENORS

Movants are a political campaign and political committees who support Republicans in Minnesota. Donald J. Trump for President, Inc., is the principal committee for President Donald J. Trump's reelection campaign. The Republican National Committee is a national committee as defined by 52 U.S.C. §30101. It manages the Republican Party's business at the national level, supports Republican candidates for public office at all levels, coordinates fundraising and election strategy, and develops and promotes the national Republican platform. The Republican Party of Minnesota is a recognized political party that works to promote Republican values and to assist Republican candidates in obtaining election to partisan federal, state, and local office. All three Movants have interests—their own and those of their members—in the rules governing Minnesota elections.

# ARGUMENT

**I.      Movants are entitled to intervene as of right.**

Rule 24 is "liberally construed with all doubts resolved in favor of the proposed intervenor." *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). Under Rule 24(a)(2), this Court must grant intervention as of right if:

1. The motion is timely;
2. Movants have a legally protected interest in this action;
3. This action may impair or impede that interest; and
4. No existing party adequately represents Movants' interests.

*Nat'l Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 975 (8th Cir. 2014). Movants satisfy each of these requirements.

**A.      The motion is timely.**

The Court considers four factors in determining the timeliness of a motion to intervene: (1) the progress of the litigation at the time of the motion; (2) the prospective intervenor's prior knowledge of the action; (3) the reason for any delay in seeking intervention; and (4) the likelihood of prejudice to the parties. *United States v. Ritchie Special Credit Investments, Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010). These factors all favor Movants.

Movants filed this motion early—only one month after the complaint was filed and a week after the answer. *See e.g.*, *North Dakota v. Heydinger*, 288 F.R.D. 423, 429 (D. Minn. 2012) (motion filed over one year after the answer was timely); *Planned Parenthood Minn., N.D., S.D. v. Daugaard*, 836 F. Supp. 2d 933, 939 (D.S.D. 2011) (motion filed over one month after complaint was "early" and therefore timely); *S.D. Farm Bureau,*

*Inc. v. South Dakota*, 189 F.R.D. 560, 563 (D.S.D. 1999) (motion filed three months after complaint was timely). This litigation has not substantially progressed—briefing on the preliminary-injunction stopped, the court has made no substantive rulings, and the parties proposed the consent decree only four days ago. *See, e.g.*, *Heydinger*, 288 F.R.D. at 429 (motion filed after the court had ruled on a motion to dismiss was timely); *Daugaard*, 836 F. Supp. 2d at 939 (motion filed after court had granted plaintiffs' motion for preliminary injunction was timely); *S.D. Farm Bureau*, 189 F.R.D. at 563 (motion filed before any substantive briefing was timely). Movants entered this litigation by filing their emergency motion to continue immediately after learning of the consent decree and securing counsel, followed directly by this motion to intervene. *See Taylor v. Sw. Bell Tel. Co.*, 251 F.3d 735, 741 (8th Cir. 2001) (motion filed eleven days after proposed intervenors learned of an injunction was timely).

Nor will Movants' intervention prejudice the parties. The parties' proposed consent decree weighs in favor of granting intervention. "Prejudice that results from the mere fact that a proposed intervenor opposes one's position and may be unwilling to settle always exists when a party with an adverse interest seeks intervention." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995). Yet that kind of "prejudice" does not factor into the analysis because "Rule 24(a) protects precisely this ability to intervene in litigation to protect one's interests." *Id.* Therefore, "the court [should] not consider any delay in entry of the Consent Decree because the intervenors oppose its entry as presenting any bar to intervention." *Id.*; *see also EPA v. City of Green Forest*, 921

F.2d 1394, 1401 (8th Cir. 1990) (reversing the district court's denial of intervention because "the existence of the proposed consent decree resulted in a change in circumstances that made a renewed motion for intervention legitimate").

If Movants are not allowed to intervene, however, their interests in this case will be irreparably harmed by the consent decree that suspends Minnesota law in the upcoming August primary. Their motion is thus timely.

### B.    Movants have protected interests in this action.

Movants also have "a recognized interest in the subject matter of the litigation." *Nat'l Parks*, 759 F.3d at 975. Movants' interest is both "legally protectable" and "bound up with the subject matter of the litigation." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 839-40 (8th Cir. 2009).

Movants' interests in this action are, at a minimum, equal to Plaintiffs'. Like Plaintiffs, Movants work to "encourage[] informed and active participation in government, work[] to increase understanding of major public policy issues, and influence[] public policy through education and advocacy." Compl. 3. Like Plaintiffs, Movants "[have] numerous members throughout Minnesota who are registered to vote" and "[will have] to divert resources away from [their] core activities" if the consent decree is granted. Compl. 15. Like Plaintiffs, Movants "[have] a strong interest in ensuring that the voters it registers can cast a ballot" with confidence and without confusion. Compl. 16. And like Plaintiffs, Movants "have a legitimate interest in

6

preventing fraud and the appearance of fraud in elections" by defending existing law, especially if Defendants will not do so. Compl. 16.

But even considered in isolation, Movants have "direct" and "significant" interests in the continued enforcement of state laws governing witness requirements, absentee ballots, and voter identification, as those laws are designed to serve "the integrity of [the] election process," *Eu v. San Fran. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989), and the "orderly administration" of elections, *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 196 (2008) (op. of Stevens, J.). Federal courts "routinely" find that political parties have interests supporting intervention in litigation regarding elections and election procedures. *Issa*, 2020 WL 3074351, at *3. Indeed, given their inherent and broad-based interest in elections, usually "[n]o one disputes" that a political party "meet[s] the impaired interest requirement for intervention as of right." *Citizens United v. Gessler*, 2014 WL 4549001, *2 (D. Col. Sept. 15, 2014). That is certainly true where, as here, "changes in voting procedures could affect candidates running as Republicans and voters who [are] members of the … Republican Party." *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, *2 (S.D. Ohio Aug. 26, 2005); *see id.* (under such circumstances, "there [was] no dispute that the Ohio Republican Party had an interest in the subject matter of this case").

In short, because Movants' candidates "actively seek [election or] reelection in contests governed by the challenged rules," and because their members' ability to participate in those elections is governed by the challenged rules, Movants have an

interest in "demand[ing] adherence" to those requirements. *Shays v. FEC*, 414 F.3d 76, 88 (D.C. Cir. 2005).

### C. This action threatens to impair Movants' interests.

Movants are "so situated that disposing of [this] action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). Movants "do not need to establish that their interests *will* be impaired," "only that the disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014). This language in Rule 24 is "obviously designed to liberalize the right to intervene in federal actions." *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967).

Here, the risks to Movants' interests are plain. If this court enters the consent decree, then the rules surrounding absentee ballots will be upended just weeks before the August primary. And the consent decree—which would place this Court's imprimatur on the notion that Plaintiffs' claims have likely merit, *see* Doc. 24 at 4-5— will be used as a precedent to obtain the same relief for the November election.

Movants' interests will plainly "suffer if the Government were to lose this case, or to settle it against [Movants'] interests." *Mausolf v. Babbitt*, 85 F.3d 1295, 1302-03 (8th Cir. 1996). Not only would it undercut democratically enacted laws that protect voters and candidates (including Movants' members), it would change the "structur[e] of th[e] competitive environment" and "fundamentally alter the environment in which [Movants] defend their concrete interests (e.g. their interest in … winning [election or]

8

reelection)." *Shays*, 414 F.3d at 85-86. These late changes also threaten to confuse voters and undermine confidence in the electoral process. *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) ("Court orders affecting elections … can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase."). In addition to that independent harm, Movants will be forced to spend substantial resources informing Republican voters of changes in the law, fighting inevitable confusion, and galvanizing participation in the wake of the "consequent incentive to remain away from the polls." *Id.*; *accord Pavek v. Simon*, 2020 WL 3183249, at *10 (D. Minn. June 15, 2020).

Moreover, "as a practical matter," Fed. R. Civ. P. 24(a)(2), "[s]uccess by [Plaintiffs] in the whole litigation would impair the proposed intervenors' interests" and could prevent Movants from defending their rights at all. *South Dakota v. Ubbelohde*, 330 F.3d 1014, 1025 (8th Cir. 2003). Even setting aside the long-term effects on the integrity of elections and public confidence in the electoral process, this proceeding might be the *only* time that Movants can litigate the consent decree. The primary is weeks away. *See* Compl. 2. In a very real sense, then, this Court's decision could be the final word on the laws governing the next election. Because the "very purpose of intervention is to allow interested parties to air their views so that a court may consider them *before* making potentially adverse decisions," *Brumfield*, 749 F.3d at 345 (emphasis added), the "best" course—and the one that Rule 24 "implements"—is to give "all parties with a real stake

in a controversy … an opportunity to be heard" in this suit, *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972).

### D. The parties do not adequately represent Movants' interests.

Finally, Movants "[are] not adequately represented by the existing parties." *Nat'l Parks*, 759 F.3d at 975. Inadequacy is not a demanding showing. Movants need meet "only a 'minimal burden of showing that [their] interests are not adequately represented by the parties.'" *Barnett*, 317 F.3d at 785. While that burden increases "when a party already in the suit has an obligation to represent the interests of the party seeking to intervene," Movants can meet the burden by "showing that [their] interests actually differ from or conflict with the government's interests." *Id.* Where "the Government has waived and failed to enforce [the law]," it is clear that "the Government [is] not adequately representing the [Movants'] interests." *Mausolf*, 85 F.3d at 1303.

Movants' and Defendant's interests have already diverged in this litigation. After initially opposing Plaintiffs' claims, Defendant now takes the position that the challenged laws are likely unconstitutional and has agreed to "not enforce … Minn. Stat. §203B.07, Minn. Stat. §204B.45, and their implementing regulations." Consent Decree 6. Defendant adopted this position despite numerous arguments available in defense of the law, including those made by the Seventh Circuit when it stayed an injunction against a similar requirement. *See Democratic Nat'l Comm. v. Bostelmann*, Doc. 4-1 at 25, No. 20-1539 (7th Cir. April 3, 2020). Defendants also failed to invoke the *Purcell* principle, which easily forecloses Plaintiffs' ability to get a preliminary injunction

so close to the August primary. *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020); *e.g.*, *Husted v. Ohio State Conference of NAACP*, 573 U.S. 988 (2014) (staying a lower-court order that changed election laws 61 days before election day).

Movants, by contrast, affirmatively seek to enforce the witness-signature requirement and prevent last-minute changes to Minnesota's election law. It is therefore self-evident that "[Movants'] interests actually differ from or conflict with the government's interests." *Barnett*, 317 F.3d at 786. And Movants' interests will continue to differ from Defendant's as this litigation proceeds on the consent decree, the merits as applied to the November elections, and any appeals.

Movants occupy an adversarial position in this case that no existing party serves. Their "intervention [is] vital to the defense of the law[s] at issue" in this case. *Miracle v. Hobbs*, 333 F.R.D. 151, 155 (D. Ariz. 2019) (citing *Horne v. Flores*, 557 U.S. 433, 433 (2009)). Movants should thus be granted intervention as of right.

## II.     Alternatively, Movants are entitled to permissive intervention.

Even if Movants were not entitled to intervene as of right under Rule 24(a), this Court should grant them permissive intervention under Rule 24(b). Exercising broad judicial discretion, courts grant permissive intervention when the movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The court also must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The requirements of Rule 24(b) are met here. As explained, Movants filed a timely motion. *Supra* I.A. And Movants will raise defenses that share many common questions with the parties' claims and defenses—including whether COVID-19 means that Minnesota's well-established election laws now create an unconstitutional burden on the right to vote. *See* Compl. 23-27. Plaintiffs allege that the challenged laws are unconstitutional. Compl. 27. Movants, on the other hand, directly reject those allegations, contending not only that Minnesota's longstanding laws are constitutional, but also that Plaintiffs' desired relief would undermine the interests of Movants and their members. "[T]he situations, interests, and even [some of] the claims of the plaintiff and applicants are virtually identical." *Minn. Pub. Interest Research Grp. v. Selective Serv. Sys.*, 557 F. Supp. 923, 924 (D. Minn. 1983); *see also Franconia Minerals (US) LLC v. United States*, 319 F.R.D. 261, 268 (D. Minn. 2017) (recognizing that "permissive intervention was warranted where movant presented defenses that were 'directly responsive' to the plaintiff's claims" (quoting *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110-11 (9th Cir. 2002))); *Builders Ass'n of Greater Chicago v. Chicago*, 170 F.R.D. 435, 441 (N.D. Ill. 1996) (permissive intervention is appropriate where "applicants' interest in the litigation is the mirror-image" of an original party's interest).

Movants' intervention will not unduly delay this litigation or prejudice anyone. Movants swiftly moved to intervene while the "case is in its earliest stages," *Franconia Minerals*, 319 F.R.D. at 268, and their participation will add no delay beyond the norm for multiparty litigation. After all, Plaintiffs put the constitutionality of the laws at issue

12

and "can hardly be said to be prejudiced by having to prove a lawsuit [they] chose to initiate." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). And even if Movants' entry might "increase the burden on the original litigants … that alone is insufficient to warrant denial of the motion to intervene—the addition must be 'unduly' burdensome, not just burdensome." *Franconia Minerals*, 319 F.R.D. at 268. Movants commit to submitting all filings in accordance with whatever briefing schedule the Court imposes, "which is a promise" that undermines claims of undue delay. *Emerson Hall Assocs., LP v. Travelers Casualty Ins. Co. of Am.*, 2016 WL 223794, *2 (W.D. Wis. Jan. 19, 2016).

Allowing Movants to intervene will promote consistency and fairness in the law, as well as efficiency in this case. It would allow "the Court … to profit from a diversity of viewpoints as they illuminate the ultimate questions posed by the parties," *Franconia Minerals*, 319 F.R.D. at 268, thus preventing protracted piecemeal litigation and the possibility of conflicting legal decisions. Allowing intervention by political parties in a "time-sensitiv[e]" "election-related dispute" also preempts the delay that otherwise results from sorting out Movants' rights on appeal. *See Jacobson v. Detzner*, 2018 WL 10509488 (N.D. Fla.) ("[D]enying [Republican Party organizations'] motion [to intervene] opens the door to delaying the adjudication of this case's merits for months—if not longer"); *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377 (1987) ("[W]hen an order prevents a putative intervenor from becoming a party in *any* respect, the order is subject to immediate review."); *McLean v. Arkansas*, 663 F.2d 47,

48 (8th Cir. 1981) (similar). Where a court has doubts, "the most prudent and efficient course of action" is to allow permissive intervention. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wis. v. United States*, 2002 WL 32350046, *3 (W.D. Wis. Nov. 20, 2002).

## CONCLUSION

The Court should grant Movants' motion and allow them to intervene as defendants.

Dated: June 20, 2020

Respectfully submitted,

 /s/ *Cameron T. Norris*
Thomas R. McCarthy (pro hac vice)
Cameron T. Norris (pro hac vice)
Jeffrey M. Harris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

Richard G. Morgan
LEWIS BRISBOIS
90 South 7th Street
Suite 2800
Minneapolis, MN 55402
612-428-5000
612-428-5001 (fax)
richard.morgan@lewisbrisbois.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109

*Counsel for Proposed Intervenor-Defendants Donald J. Trump for President, Inc., Republican National Committee, and Republican Party of Minnesota*