IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| League of Women Voters of Minnesota Education Fund, Vivian Latimer Tanniehill,<br><br>Plaintiffs,<br><br>v.<br><br>Steve Simon, in his official capacity as Secretary of State of Minnesota,<br><br>Defendant. | Civil Action No. 0:20-cv-01205-ECT-TNL<br><br>**PLAINTIFFS' MEMORANDUM IN PARTIAL OPPOSITION TO MOTION TO INTERVENE** |

Plaintiffs League of Women Voters of Minnesota Education Fund (LWVMN) and Vivian Latimer Tanniehill respectfully submit this memorandum in partial opposition to the Motion to Intervene as Defendants by Donald J. Trump for President, Inc., the Republican National Committee, and the Republican Party of Minnesota (together, "Proposed Intervenors"), ECF 37. While Plaintiffs take no position on permissive intervention, the Court should hold that Proposed Intervenors have no right to join this case as defendants.[1]

## LEGAL STANDARD

Intervention as of right is available to a person who "(1) files a timely motion to intervene; (2) 'claims an interest relating to the property or transaction that is the subject of the action'; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties." *Nat'l Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 975 (8th Cir. 2014) (citing Fed. R. Civ. P. 24(a)(2)). "The intervenor bears the burden of showing that his interests are not

---

[1] For background on Plaintiffs' claims and the procedural posture of this case, Plaintiffs refer to their Memorandum of Law in Support of Proposed Consent Decree, which they are filing concurrently with this memorandum.

1

adequately represented by existing parties." *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997). Courts in the Eighth Circuit must "presume that [a] government entity adequately represents the public." *Little Rock School Dist. v. N. Little Rock School Dist.*, 378 F.3d 774, 780 (8th Cir. 2004). To overcome this presumption, a proposed intervenor must "make a strong showing of inadequate representation." *Id.* The proposed intervenor may do this by showing "that its interests are distinct and cannot be subsumed within the public interest represented by the government entity," *id.*, or "by showing that the [government] has committed misfeasance or nonfeasance in protecting the public." *Chiglo*, 104 F.3d at 188. "Absent this sort of clear dereliction of duty, however, the proposed intervenor cannot rebut the presumption of representation by merely disagreeing with the litigation strategy or objectives of the party representing him." *Id.*

## ARGUMENT

Proposed Intervenors fail to satisfy—at least—the inadequate-representation prong of the test for intervention as of right. Proposed Intervenors do not assert an interest distinct from the public interest, nor can they carry their heavy burden to show that the existing defendant, Secretary of State Steve Simon (the "Secretary"), does not adequately represent the public interest.

Proposed Intervenors assert a "broad-based interest in elections" and "a strong interest in ensuring that the voters it registers can cast a ballot with confidence and without confusion." Mem. in Support of Mot. to Intervene, ECF 38 at 6-7 (citation omitted). These interests are "subsumed within the public interest represented by" the Secretary of State. *Little Rock School Dist.*, 378 F.3d at 780. The Secretary is Minnesota's chief election official and is responsible for supervising the administration of elections statewide. *See* Minn. Stat. § 204B.27, subd. 2. As

such, it is the Secretary's job to ensure that all eligible voters "can cast a ballot with confidence and without confusion." ECF 38 at 6.

Notably, Proposed Intervenors do not (and could not) attempt to show that the outcome of this case will give their favored candidates any particular electoral advantage or disadvantage. They do note that "changes in voting procedures could affect candidates running as Republicans and voters who [are] members of the . . . Republican Party," ECF 38 at 7 (quoting *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, *2 (S.D. Ohio Aug. 26, 2005)). But this does not distinguish Proposed Intervenors' interest from the generalized public interest in fair and lawful election administration. Nor can Proposed Intervenors particularize their interest by claiming, without evidence, that if Minnesota's witness requirement is suspended they "will be forced to spend substantial resources informing Republican voters of changes in the law, fighting inevitable confusion, and galvanizing participation." ECF 38 at 9. By making it possible for Minnesotans of all political persuasions to vote by mail while complying with social-distancing guidance during the COVID-19 pandemic, suspending the witness requirement would increase voter participation, not suppress it. And there is no reason to think the change would cause confusion—especially since the Proposed Consent Decree requires the Secretary to inform the public of the change, which would take place before a single vote in the primary is cast. *See* ECF 24 at 6.

Having failed to distinguish their interest from the public interest, Proposed Intervenors bear the heavy burden of showing that the Secretary "has committed misfeasance or nonfeasance in protecting the public." *Chiglo*, 104 F.3d at 188. The Secretary has done no such thing. As Plaintiffs explain in their Memorandum of Law in Support of Proposed Consent Decree, filed concurrently with this memorandum, the Secretary properly entered a compromise that avoids

the risk (or, from Plaintiffs' perspective, the inevitability) of subjecting Minnesotans to an unconstitutional burden on the right to vote in the August primary, while conserving taxpayer money and preserving the Secretary's ability to defend the witness requirement for future elections. Unlike in *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996), Proposed Intervenors here have not shown that the Secretary has any bias against their interests or any history of shirking his duty to enforce valid regulations. Proposed Intervenors complain that the Secretary entered the Proposed Consent Decree "despite numerous arguments available in defense of" the witness requirement, and suggest that if they were in charge of the defense, they would have placed higher priority on rigidly adhering to state statutory law despite constitutional concerns and litigation risk. ECF 38 at 10-11. But Proposed Intervenors cannot rebut the presumption of adequate representation "by merely disagreeing with the litigation strategy or objectives of the party representing [them]." *Chiglo*, 104 F.3d at 188.

Because Proposed Intervenors assert only the generalized public interest in fair and orderly elections, and because the Proposed Consent Decree represents a legitimate approach to protecting that interest (albeit not the one Proposed Intervenors would prefer), Proposed Intervenors fail to satisfy the inadequate-representation prong of Rule 24(a).[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion to Intervene to the extent it seeks intervention as of right.

---

[2] For essentially the same reasons, Proposed Intervenors fail to show that "disposing of the action may, as a practical matter, impair or impede [their] ability to protect" the only interest they have asserted—*i.e.*, the generalized public interest in sound election administration. *Nat'l Parks Conservation Ass'n*, 759 F.3d at 975. However, Plaintiffs are mindful of the Eighth Circuit's guidance that "this analysis . . . fit[s] more neatly under the rubric of adequacy of representation." *Chiglo*, 104 F.3d at 187.

Date: June 22, 2020                           Respectfully submitted,

/s/ Julia Dayton Klein

**LATHROP GPM LLP**
Julia Dayton Klein (MN Bar #319181)
500 IDS Center
80 South 8th Street
Minneapolis, MN 44501
Julia.DaytonKlein@lathropgpm.com
(612) 632-3153

**CAMPAIGN LEGAL CENTER**
Danielle Lang*
Jonathan Diaz*
Mark Gaber*
1101 14th Street NW, Suite 400
Washington, DC 20005
dlang@campaignlegalcenter.org
(202) 736-2200

*Admitted *pro hac vice*