UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MINNESOTA EDUCATION FUND and VIVIAN LATIMER TANNIEHILL,<br>*Plaintiffs*,<br><br>v.<br><br>STEVE SIMON, in his official capacity as Secretary of State of Minnesota,<br>*Defendant*,<br><br>DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE, and REPUBLICAN PARTY OF MINNESOTA,<br>[*Proposed*] *Intervenor-Defendants*. | Case No. 0:20-cv-01205-ECT-TNL |

**[PROPOSED] INTERVENOR-DEFENDANTS'
OPPOSITION TO PLAINTIFFS' ABEYANCE REQUEST**

Plaintiffs' letter (Doc. 44) confirms what Proposed Intervenor-Defendants advised the Court on Saturday: the proposed consent decree is collusive, unfair, and unreasonable. Now that an actual adversary has shown up, Plaintiffs want this Court to abey a fairness hearing that *they* asked for on a proposed consent decree that *they* submitted. Why? Because a similar consent decree was filed in state court a week ago, they say. But Plaintiffs advised the Court of that same consent decree five days ago and still wanted to press forward with a fairness hearing. That Plaintiffs changed their mind only after an actual adversary entered this case is telling. It admits that something is badly wrong with this consent decree. And it's untenable. With voting

1

set to start in a matter of days, there is no time to wait on parallel state-court proceedings that this Court cannot control.

This Court should do what the parties initially asked: conduct the fairness hearing and rule on the proposed consent decree.

1. Plaintiffs filed their proposed consent decree last Tuesday, June 16. *See* Doc. 24. This Court immediately scheduled a fairness hearing for June 18. *See* Doc. 26.

2. The same day that Plaintiffs filed their proposed decree, Democrat-backed plaintiffs filed a proposed consent decree in a similar case in state court. *See* Doc. 28-1 at 13. Without a fairness hearing (state courts do not scrutinize consent decrees like federal courts do), the state court signed the decree one day later. *See* Doc. 28-1 at 14.

3. Plaintiffs quickly alerted this Court to the state decree, and continued to press for a fairness hearing on their proposed consent decree. *See* Doc. 28. No party asked this Court to cancel the fairness hearing, or to hold it in abeyance, in light of the state decree. In fact, when Proposed Intervenor-Defendants asked the parties to consent to a brief continuance, the parties refused. *See* Doc. 31. In other words, even though they knew about the state decree, the parties wanted this Court to move forward, hold the fairness hearing, and enter a decree in this case as well.

4. This Court postponed the hearing, however, and Proposed Intervenor-Defendants filed their opposition to the proposed consent decree. *See* Docs. 33, 41.

Now, all of a sudden, Plaintiffs want to hold this case in abeyance in light of the state decree. *See* Doc. 44. Plaintiffs alerted Proposed Intervenor-Defendants to their change of heart this morning—the day their briefs in support of their proposed decree were due.

5. This strategic maneuvering is disappointing. It reveals Plaintiffs' lack of confidence in their ability to persuade this Court that their consent decree is fair, adequate, and reasonable. The fact that Plaintiffs want this case to move forward when no one's opposing them, but want it to stop in its tracks when opponents arrive, confirms that the consent decree is anything but the product of above-board, arm's-length bargaining.

6. Plaintiffs' proposal also makes no sense. As they admit, the state decree is not final and, thus, does not moot this case. *See* Doc. 45 at 20-21. And Plaintiffs still want this Court to "approve the Proposed Consent Decree." Doc. 45 at 3. But time is short—voting begins on June 26, and the primary will be held on August 11. If this Court waits to see what the state court does, instead of resolving the decree in front of it, it risks having to conduct a hearing and issue a decision on an even *shorter* timeline—and totally denying the losing side the right to appeal. That is not orderly, fair, efficient, or conducive to sound decision-making. *Cf.* Doc. 48 at 16 (conceding that late-filed decrees "d[o] not give the judge 'time to think'").

7. Plaintiffs and Defendant also invoke the prospect of this Court "abstaining" in favor of the state-court litigation. *See* Doc. 45 at 21 & n.10; Doc. 46 at

3

11-14. But it was *Plaintiffs* who filed this case in federal court, and it was *the parties* who asked this Court to approve their proposed consent decree. Parties who "expressly urge[] … the District Court to proceed to an adjudication," or who "voluntarily submit to federal jurisdiction," cannot ask for abstention. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986). Nor could this Court decline its "'virtually unflagging obligation'" to exercise jurisdiction in favor of a state case that involves different parties, different claims, and no greater convenience to the parties. *See Federated Rural Elec. Ins. Corp. v. Ark. Elec. Cooperatives, Inc.*, 48 F.3d 294, 297-300 (8th Cir. 1995); *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir. 2000).

\*   \*   \*   \*

This Court should proceed with tomorrow's fairness hearing.

| | |
|---|---|
| Dated: June 22, 2020 | Respectfully submitted, |
| | */s/ Cameron T. Norris*<br>Thomas R. McCarthy (pro hac vice)<br>Cameron T. Norris (pro hac vice) |
| Richard G. Morgan<br>LEWIS BRISBOIS<br>90 South 7th Street<br>Suite 2800<br>Minneapolis, MN 55402<br>612-428-5000<br>612-428-5001 (fax)<br>richard.morgan@lewisbrisbois.com | Jeffrey M. Harris<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste. 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com<br><br>Patrick Strawbridge<br>CONSOVOY MCCARTHY PLLC<br>Ten Post Office Square<br>8th Floor South PMB #706<br>Boston, MA 02109 |

*Counsel for Proposed Intervenor-Defendants Donald J. Trump for President, Inc., Republican National Committee, and Republican Party of Minnesota*