# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| League of Women Voters of Minnesota Education Fund and Vivian Latimer Tanniehill, | CASE NO. 20-CV-1205 ECT/TNL |
| Plaintiffs, | |
| v. | **JOINT RULE 26(f) REPORT** |
| Steven Simon, in his official capacity as Secretary of State of Minnesota, | |
| Defendant | |
| and | |
| Donald J. Trump for President, Inc., Republican National Committee, and Republican Party of Minnesota, | |
| Intervenor-Defendants. | |

_____

The initial pretrial conference required under Federal Rule of Civil Procedure 16 and Local Rule 16 is scheduled for August 4, 2020, at 10:00 a.m., before United States Magistrate Judge Tony N. Leung via telephone.

Julia Dayton Klein, Esq.; Amy Erickson,. Esq.; and Danielle Lang (on behalf of Plaintiffs); Jason Marisam (on behalf of Defendant); and Richard G. Morgan; Thomas R. McCarthy; and Cameron T. Norris (on behalf of Intervenor-Defendants) conferred as required by Federal Rule of Civil Procedure 26(f) and the Local Rules on July 20, 2020, and prepared the following report.

**1.** **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference**

a.  The date and place at which the meeting was held;

The parties/counsel identified below met via Zoom meeting on July 20, 2020. Plaintiffs circulated an initial draft report on July 19, 2020, and an updated draft reflecting Plaintiffs' and Defendants' positions and agreed-upon proposed schedule

on July 21, 2020. Defendant-Intervenors circulated their positions and opposing proposed schedule the evening of July 28, 2020. The following is a report reflecting the parties' respective positions.

b. Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting;

**<u>Plaintiffs:</u>**

Plaintiff League of Women Voters of Minnesota Education Fund ("LWVMN") is a nonpartisan, nonprofit organization under Section 501(c)(3) of the Internal Revenue Code and is an affiliate of the League of Women Voters of the United States. LWVMN's principal place of business is located at 546 Rice Street, Suite 200, St. Paul, MN 55103.

Plaintiff Vivian Latimer Tanniehill is a registered voter in Woodbury, Minnesota. She serves as advocacy chair of the LWVMN and is a member of the LWVMN.

Plaintiffs are represented by:

Julia Dayton Klein (#319181)
Amy Erickson (#399214)
LATHROP GPM LLP
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 632-3153
Julia.DaytonKlein@lathopgpm.com
Amy.Erickson@lathropgpm.com

Danielle Lang (admitted *pro hac vice*)
Jonathan Diaz (admitted *pro hac vice*)
Mark Gaber (*pro hac vice* admission pending)
Caleb Jackson (motion for admission *pro hac vice* forthcoming)
Jeffrey Zalesin (motion for admission *pro hac vice* forthcoming)
CAMPAIGN LEGAL CENTER
1101 4th Street NW, Suite 400
Washington, DC 20005
Telephone: (202) 736-2200
dlang@campaignlegalcenter.org

jdiaz@campaignlegalcenter.org
mgaber@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
jzalesin@campaignlegalcenter.org

**Defendant:**

Defendant Steve Simon is the Secretary of State of Minnesota and is sued in his official capacity.

Defendant is represented by:

Jason Marisam (#398187)
Cicely R. Miltich (#392902)
Hillary A. Taylor (#398557)
Office of the Attorney General
State of Minnesota
445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Telephone: (651) 757-1275
Jason.marisam@ag.state.mn.us
cicely.miltich@ag.state.mn.us
hillary.taylor@ag.state.mn.us

**Intervenor-Defendants:**

Intervenor Republican National Committee is a national political party with its principal place of business at 310 First Street S.E., Washington D.C., 20003.

Intervenor Donald J. Trump for President, Inc. is the principal committee for President Donald J. Trump's reelection campaign. Its principal place of business is at 725 5th Ave, New York, New York 10022.

Intervenor National Republican Senatorial Committee is a qualified national party committee organized under Section 527 of the Internal Revenue Code. Its principal place of business is at 425 2nd St. NE Washington, D.C. 20002.

Intervenor National Republican Congressional Committee is a qualified national party committee organized under Section 527 of the Internal Revenue Code. Its principal place of business is at 320 First St SE, Washington, DC 20003.

Intervenor Republican Party of Minnesota is a state political party with its principal place of business at 7400 Metro Blvd Suite 424, Edina, MN 55439.

Intervenors are represented by:

| | |
|---|---|
| Richard G. Morgan | Thomas R. McCarthy (pro hac vice) |
| LEWIS BRISBOIS | Cameron T. Norris (pro hac vice) |
| 90 South 7th Street | CONSOVOY MCCARTHY PLLC |
| Suite 2800 | 1600 Wilson Blvd., Ste. 700 |
| Minneapolis, MN 55402 | Arlington, VA 22209 |
| 612-428-5000 | (703) 243-9423 |
| 612-428-5001 (fax) | tom@consovoymccarthy.com |
| richard.morgan@lewisbrisbois.com | cam@consovoymccarthy.com |

c.  Name of insurance carriers that may be liable for the defense or payment of any damage award; and

None of the parties have any applicable insurance coverage.

d.  An agenda of matters to be discussed at the Pretrial Conference.

Scheduling deadlines and potential for settlement.

## 2.  **Description of the Case**

a.  A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction to grant both declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 2202.

b.  A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

## **Plaintiffs' Claims:**

The United States is living through the worst pandemic in over a century. Minnesota officials are urging the public to avoid close contact between households to minimize the spread of the Coronavirus Disease 2019 (COVID-19). Yet, Minnesota

law requires its citizens to violate this social distancing practice to vote in upcoming elections. To cast a ballot, Minnesota voters must either go to the polls in person or have their absentee ballot signed by a witness. For many members of LWVMN, it is impossible to have an absentee ballot witnessed without risking exposure to COVID-19. The danger is especially grave for Minnesotans like Plaintiff Vivian Latimer Tanniehill, whose age and underlying health conditions make her particularly vulnerable to becoming severely ill or dying from the virus. Plaintiffs contend that the enforcement of the witness requirement during the pandemic constitutes an unconstitutional burden on the right to vote.

Moreover, Minnesota imposes unusually restrictive limits on who may serve as a witness for absentee voting. Only a registered Minnesota voter, a notary, or another person authorized to administer oaths may play this role. Minnesota's restrictive qualifications on who can serve as a witness to an absentee ballot severely burden many Minnesota voters and are not tailored to any state interest. Absentee voting processes are often used because a voter will not be in the state on Election Day. For such voters, finding a Minnesota registered voter witness is a challenge. Minnesota registered voters are not uniquely qualified to attest to a person's identity; indeed, Minnesota is the *only* state with such a restrictive stance on who can serve as a witness on a ballot. Plaintiffs contend that the restrictions on who can serve as a witness to an absentee ballot impose unconstitutional burdens on the right to vote and unconstitutionally discriminate on the basis of citizenship status.

Plaintiffs seek an injunction and declaratory judgment permitting Minnesota voters to vote by absentee ballot in the 2020 elections without involving a witness, as well as permanent relief from Minnesota's unduly restrictive qualification requirements for who may serve as a witness.

**Defendant's Defenses:**

1. Plaintiffs have failed to state a claim
2. Defendant was not the cause in fact of any of Plaintiffs' alleged deprivations.
3. To the extent Plaintiffs seek relief other than injunctive or declaratory relief, the claims are barred because Defendant has immunity from damages and Plaintiffs cannot state a claim for damages against Defendant.


**Intervenor Defendants' Defenses:**

Something strange has happened in this case. In their complaint, Plaintiffs stressed the importance of securing relief *in 2020* due to the unique challenges presented by

COVID-19.[1] Plaintiffs similarly sought a preliminary injunction that would suspend the witnessing requirements "as to the August and November 2020 elections." Doc. 15 at 30, 2, 31, 32. And when the parties negotiated a consent decree for the August primary, Plaintiffs argued that the deal was fair because they didn't get any relief for November: a "higher-stakes matter" that they wanted to resolve "as expeditiously as possible." Doc. 48 at 13. Still today, in the paragraphs above, Plaintiffs say they "seek an injunction and declaratory judgment permitting Minnesota voters to vote by absentee ballot *in the 2020 elections* without involving a witness." (Emphasis added.)

Below, however, Plaintiffs propose a schedule for this case that would have the parties filing dispositive motions in March 2021 and trying the case in June 2021— dates that are well past the November 2020 election. If this case is no longer about 2020, then it should be dismissed; Plaintiffs have not alleged Article III standing beyond the 2020 elections, and no claims about election procedures and COVID-19 in 2021 are possibly ripe. If this case is still about 2020, however, then the parties should follow the same procedure that other COVID-19/election cases are using across the country: an expedited trial.

Intervenors' defenses to Plaintiffs' claims on the merits include:

- Plaintiffs' claims are nonjusticiable for elections other than the November 2020 election because their injuries are too remote and speculative and their claims are unripe.
- Minnesota's witnessing requirements are constitutional because there is no right to vote absentee.

---

1 *See* Compl. ¶4 ("Minnesota's August 2020 primary and the November 2020 general election will be conducted under extraordinary circumstances."); ¶7 ("Plaintiffs therefore seek an injunction and declaratory judgment permitting Minnesota voters to vote by absentee ballot in the 2020 elections"); ¶17 (discussing the two elections that Minnesota will hold "in the remaining part of 2020"); ¶18 ("In Minnesota's 2020 elections, access to absentee voting will be substantially more important than it has been in the state's pas elections due to the COVID-19 pandemic."); ¶24 (asserting that no vaccine will be available "before the November 2020 general election"); ¶30 ("Absentee voting represents the best option for most Minnesota voters to participate safely in the 2020 elections"); ¶¶31-32 (stressing their members' desire to vote "in 2020" without complying with the witnessing requirements); ¶53 ("[I]f Minnesota's witness requirement for absentee voting stays in place for the 2020 elections, many eligible voters will be deterred from voting because they reasonably fear contracting or spreading COVID-19"); ¶60 (grounding their standing in "the 2020 primary and general elections"); ¶80 (discussing the consequences "if the witness requirement were suspended for the 2020 elections"); ¶96 ("Minnesota has no interest sufficient to justify maintaining the witness requirement for the 2020 elections.").

- Minnesota's witnessing requirements are constitutional because they are minimally burdensome regulations that deter fraud, promote the integrity of elections, and serve other legitimate state interests.
- Plaintiffs are not entitled to relief under the *Purcell* principle. By proposing dates for an expedited trial below, Intervenors in no way waive or forfeit this defense.

c. A summary itemization of the dollar amount of each element of the alleged damages.

**Plaintiff's Damages:**

Plaintiffs do not seek damages but may seek recovery of costs and attorneys' fees.

**Defendant's Damages:**

**Intervenors' Damages:**

N/A

3.   **Pleadings**

a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

Plaintiffs' Complaint, Defendant's Answer, Intervenors' Answer have been served and filed.  Plaintiffs intend to amend their complaint to add parties.

On May 29, 2020, Plaintiffs filed a motion for a preliminary injunction seeking an injunction suspending enforcement of Minn. Stat. § 203B.07, Minn. Stat. § 204B.45, and their implementing regulations for the 2020 elections insofar as such provisions would require voters to obtain the signature, address, title or notarial stamp of a witness. On June 16, 2020, Plaintiffs and Defendant filed a Stipulation and Partial Consent Judgment Decree wherein the parties agreed to suspend enforcement of Minn. Stat. § 203B.07, Minn. Stat. § 204B.45, and their implementing regulations for the 2020 primary insofar as such provisions would require voters to obtain the signature, address, title or notarial stamp of a witness ("Proposed Consent Decree". Judge Eric Tostrud scheduled a fairness hearing regarding the Proposed Consent Decree to be held on Thursday, June 18, 2020. Intervenor Defendants sought to

continue the hearing and to intervene in the case. Both requests were granted. Intervenor Defendants also objected to the Proposed Consent Decree. The Court held a fairness hearing on June 23, 2020, and declined to approve the Proposed Consent decree on the grounds that the remedy swept too broadly for the alleged constitutional violation. The Court did not opine on the merits of Plaintiffs' claims.

A case entitled *LaRose , et al. v. Steve Simon*, Civil Case No. 62-cv-20-3149, is pending in Minnesota State Court and pertains to issues similar to some of the issues in the above-captioned matter.

b.  The date by which all motions that seek to amend the pleadings or add parties will be filed; and

**Plaintiffs' and Defendant's Proposal:**

December 1, 2020.

**<u>Intervenors' Proposal</u>**:

July 31, 2020.

c.  Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

No party has demanded a jury.

**4.** **<u>Discovery Plan</u>** (If parties are unable to agree on discovery plan, the report shall separately set forth each party's proposed plan).  Such a plan shall include such matters as production of electronically stored information (ESI), focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay.  Such a plan, at a minimum, shall include the following:

a.  The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

August 3, 2020.

b.  Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

The parties are amenable to engaging in a form of alternative dispute resolution and agree to participate in alternative dispute resolution by March 15, 2021.

c.  Whether discovery shall be conducted in phases, or limited to or focused upon, particular issues;

N/A.

d.  The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

**Plaintiffs' and Defendant's Proposal:**

April 9, 2021.

**Intervenors' Proposal**:

Experts and Expert Reports: August 6, 2020
Rebuttal Experts and Reports: August 10, 2020

The date by which each party shall disclose the identity of rebuttal expert witnesses and their reports shall be April 30, 2021.

The date by which the parties shall have completed expert discovery, including expert depositions shall be May 14, 2021.

e.  The number of interrogatories each party shall be permitted to serve;

Twenty-five interrogatories.

f.  The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take;

Ten depositions per side.

g.  The number of expert depositions each party shall be permitted to take; and

Four expert depositions per side.

    h.  A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

The parties have discussed the scope of discovery, including relevance and proportionality, and any issues about preserving electronically stored information ("ESI"). The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

The parties agree that they may request or produce information from ESI, which includes electronic or computer-based media, including computer generated information or data of any kind, stored on computers, file servers, disks, tape, or other devices or media, whether real, virtual, or cloud-based. The parties agree that such production will be limited to data reasonably available to the respective parties in the ordinary course of business.

The parties will continue to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The parties have initiated discussions concerning the extent, scope, and handling of electronic discovery and will endeavor to continue such discussions throughout the initial stages of discovery.

**5.**    **Close of Discovery and Non-Dispositive Motions**

    a.  The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

**Plaintiffs' and Defendant's Proposal:**

March 8, 2021.

**Intervenors' Proposal**:

August 14, 2020.

    b.  The parties agree that a party should be required to request an informal conference with the Court before filing a discovery motion.

10

6. **Dispositive Motions and Trial**

    a.  The date by which all dispositive motions shall be served, filed and heard;

**Plaintiffs' and Defendants' Proposal:**

July 12, 2021.

**Intervenors' Proposal**:

August 17, 2020.

    b.  The date by which the case shall be ready for trial;

**Plaintiffs' and Defendant's Proposal:**

October 11, 2021.

**Intervenors' Proposal**:

August 31, 2020.

    c.  The number of expert witnesses each party expects to call at trial; and

Plaintiffs anticipate calling two or three experts at trial.

Defendant anticipates calling two experts at trial.

Intervenors anticipate calling no experts at trial.

    d.  Estimated trial time (including jury selection and instructions, if applicable).

**Plaintiffs' and Defendants' Proposal:**

Five days for a bench trial.

**Intervenors' Proposal**:

Three days for a bench trial.

DATED: July 29, 2020

Respectfully submitted,

*/s/ Julia Dayton Klein*

**LATHROP GPM LLP**
Julia Dayton Klein (MN Bar #0319181)
Amy Erickson (MN Bar #0399214)
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Julia.DaytonKlein@lathropgpm.com
Amy.Erickson@lathropgpm.com
(612) 632-3153
(612) 632-3470

**CAMPAIGN LEGAL CENTER**
Danielle Lang (admitted *pro hac vice*)
Jonathan Diaz (admitted *pro hac vice*)
Mark Gaber (*pro hac vice* admission pending)
Caleb Jackson*
Jeffrey Zalesin*
1101 14th Street NW, Suite 400
Washington, DC 20005
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
mgaber@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
dlang@campaignlegalcenter.org
jzalesin@campaignlegalcenter.org
(202) 736-2200

*Motions for admission *pro hac vice* forthcoming

DATED: July 29, 2020

**KEITH ELLISON**
**Attorney General**
**State of Minnesota**

By *s/ Jason Marisam*
    Jason Marisam (#398187)
    Cicely R. Miltich (#392902)
    Hillary A. Taylor (#398557)

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2131
Telephone:  (651) 757-1275
Facsimile:  (651) 282-5832
jason.marisam@ag.state.mn.us
cicely.miltich@ag.state.mn.us
hillary.taylor@ag.state.mn.us

**ATTORNEYS FOR DEFENDANT**
**SECRETARY OF STATE STEVE SIMON**

DATED: July 29, 2020

  */s/ Thomas R. McCarthy*
Thomas R. McCarthy (pro hac vice)
Cameron T. Norris (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com

Richard G. Morgan
LEWIS BRISBOIS
90 South 7th Street
Suite 2800
Minneapolis, MN 55402
612-428-5000
612-428-5001 (fax)
richard.morgan@lewisbrisbois.com

**ATTORNEYS FOR INTERVENORS
DONALD J. TRUMP FOR PRESIDENT,
INC., RNC, NRSC, NRCC, REPUBLICAN
PARTY OF MINNESOTA**