UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| League of Women Voters of Minnesota Education Fund and Vivian Latimer Tanniehill, | CASE NO. 20-CV-1205 ECT/TNL |
| Plaintiffs, | |
| v. | |
| Steven Simon, in his official capacity as Secretary of State of Minnesota, | **STIPULATION REGARDING DISCOVERY PROCEDURE** |
| Defendant, | |
| and | |
| Donald J. Trump for President, Inc., Republican National Committee, and Republican Party of Minnesota, | |
| Intervenor-Defendants. | |

WHEREAS, Rule 26(f) of the Federal Rules of Civil Procedure states that the Parties must develop a proposed discovery plan that states the Parties' views and proposals on, among other things, "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced," Fed. R. Civ. P. 26(f)(3)(C); and

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens of discovery of certain electronically stored information ("ESI") and privileged materials, as

1

described further below, and to better define the scope of their obligations with respect to preserving such information and materials; and

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

NOW THEREFORE, it is hereby STIPULATED:

## I.   DEFINITIONS

1. The terms used in this stipulation that are also used in the Federal Rules of Civil Procedure have the same meaning that they have under the Federal Rules, unless otherwise provided in this stipulation. Whenever the terms set forth below are used in this stipulation (hereinafter "Discovery Protocol"), the following definitions apply:

(a) "Draft," when used to describe either an electronic or hard copy document, means "a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise) or that the author no longer intends to finalize or to share with another person."

(b) "Duplicate," when used to describe either an electronic or hard copy document, means that the document does not show any facial differences, such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes. Differences in system metadata fields, such as date created or modified, that do not affect the face of the document, are not determinative of whether the document is a duplicate for purposes of this Discovery Protocol.

(c) "Gigabyte" means one billion bytes or 1,000 megabytes.

(d) "Parties" means the parties to this litigation, including their employees and agents.

   (e) "Policy" means a regular practice at an entity that managers know about and expect to be carried out.

## II. PRESERVATION

  2. <u>ESI That Is Not Reasonably Accessible.</u> The following categories of ESI listed below are not reasonably accessible in this litigation:

   (a) Data stored in a backup system for the purpose of system recovery or information restoration, including but not limited to, disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely deleted or written over in accordance with an established routine system maintenance practice;

   (b) Voicemail messages;

   (c) Instant messages, such as messages sent on AOL Instant Messenger, Microsoft Communicator, Microsoft Teams, or Skype for Business;

   (d) Text messages, such as cell phone to cell phone SMS messages;

   (e) Electronic mail sent to or from a personal digital assistant ("PDA"), smartphone (e.g., BlackBerry, iPhone), or tablet (e.g., iPad) provided that a copy of such email is routinely saved elsewhere on a device/ in a medium that is accessible;

   (f) Other electronic data stored on a PDA, smartphone, or tablet, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere on a device/in a medium that is accessible;

   (g) Logs of calls made from cellular phones;

   (h) Deleted computer files, whether fragmented or whole (nothing in this order authorizes the intentional deletion of ESI after the duty arose to preserve such ESI);

       (i)       Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

       (j)       Data stored on photocopiers, scanners, and fax machines;

       (k)       Server, system, or network logs; and

       (l)       Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form.

3.     Nothing in this Stipulation prevents any Party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of ESI are not reasonably accessible.

4.     The Parties need not preserve, for this litigation, the categories of ESI listed in paragraph 2 unless, on the date that this Discovery Protocol is entered by the Court, either Party has a Policy that results in the routine preservation of such ESI, in which case such Party shall continue to preserve such ESI in accordance with its Policy.

5.     <u>No Discovery of Material Not Required to Be Preserved</u>. The Parties shall not seek discovery of items that need not be preserved pursuant to paragraphs 2-4 above.  If any discovery request is susceptible of a construction that calls for the production of items that need not be preserved pursuant to paragraphs 2-4, such items need not be searched for, produced, or identified on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

6.     <u>Preservation Does Not Affect Discoverability or Claims of Privilege</u>. By preserving documents or ESI for the purpose of this litigation, the Parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege.

7.      <u>Other Preservation Obligations Not Affected</u>.  Nothing in this agreement affects any obligations of the Parties to preserve documents or information for purposes other than this litigation, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

### III.    COLLECTION

8.      <u>Deduplication.</u>

    (a)    *Deduplication of e-mail.* The Parties may de-duplicate email by:

        (1)    comparing the MessageID or UNID metadata fields; or

        (2)    calculating and comparing the MD5 or SHA-1 hash value based on the following files: to, from, cc, bcc, subject, body, and attachment names.

    (b)    The Parties hereby stipulate and agree that in this matter there is a rebuttable presumption of evidence that an e-mail correctly addressed to a recipient was actually delivered to that recipient's e-mail inbox.

    (c)    *Deduplication of ESI other than e-mail.* The Parties shall identify, based on MD5 or SHA-1 hash values, exact duplicates of electronic files other than e-mails that are larger than zero bytes and smaller than two gigabytes. The Parties shall, to the extent practicable, produce only one copy for each custodian that has possession or custody of the file.

### IV.    REVIEW

9.      <u>Technology Assisted Review</u>.  As of the date of this Stipulation, the Parties do not intend to use Technology Assisted Review, such as predictive coding. If any Party wishes to use Technology Assisted Review, it shall notify the other Parties and provide to them a proposed TAR protocol. The Parties shall then meet and confer in an attempt to negotiate an agreed-upon protocol. Unless otherwise ordered by the Court, the Parties shall not use TAR except in conformance with an agreed-upon protocol.

## V. PRIVILEGE LOG

10. <u>Embedded e-mails</u>. An e-mail may be treated as a single document regardless of the number of embedded emails contained within the message body. The privilege log for an e-mail withheld under a claim of privilege, to the extent any is required, may identify the author, recipient(s), subject, dates and times based on the metadata from the top-level message, and is not required to include metadata from any e-mail embedded in the message body. However, if an e-mail contains both privileged and non-privileged communications, the non-privileged communications must be produced. This requirement may be satisfied by producing the original of the embedded, non-privileged e-mail, but if the original is not available, it may be satisfied by producing a redacted version of the privileged e-mail.

11. The obligation to provide a log of privileged or work product materials pursuant to Rule 26(b)(5)(A) presumptively does not apply to:

   (a) Communications exclusively between a party and its trial counsel after May 19, 2020;

   (b) Work product created by trial counsel, or by an agent of trial counsel (but not including work product created by a party or an employee of a party) after May 19, 2020; or

   (c) Internal communications within a law firm or among co-counsel.

## VI. PRODUCTION

12. <u>Procedures for Production</u>:  The following procedures apply to producing documents or ESI. Compliance with these procedures constitutes compliance with Federal Rule of Civil Procedure 34(b)(2)(E) for this matter.

   (a) <u>TIFF Plus Text Productions.</u> Except as stated otherwise below, ESI being produced by a Party shall be converted to 300 dpi, single-page, black-and-white (no shades of gray) TIFF images using CCITT Group IV compression. Each page must be branded with a

unique Bates number, which must not be an overlay of the image. Unless otherwise agreed by the Parties, the TIFF images must be produced on optical media, USB hard drive or download link/file sharing service, accompanied by: (1) an Opticon™ or IPRO® "cross reference file" which associates each Bates number with its corresponding single-page TIFF image file; and (2) a "text load file" containing the metadata fields in Appendix A. The text load file must contain Concordance® delimited text that will populate fields in a searchable flat database environment, containing one line for each document. Nothing in this stipulation requires a Party to manually populate a metadata if such fields cannot be extracted from a document.

      (b)    Paper documents:

      (1)    Documents printed on paper that is larger than 11 x 17 inches may, at the Producing Party's discretion, be produced on paper. Documents produced on paper must be produced as they are kept in the ordinary course of business or must be organized and labeled to correspond to the categories in the request.

      (2)    Documents printed on paper that is 11 x 17 inches or smaller must be scanned and produced on CD-ROM, DVD-ROM, external hard drive, or by FTP download. The Parties shall confer to determine whether OCR text is appropriate for documents produced pursuant to this subparagraph, taking into account the nature of the particular documents being produced.  Notwithstanding the foregoing, a Party may always elect to include OCR text with paper documents produced under this Discovery Protocol.

      (c)    Word, WordPerfect, and PDF files.

      (1)    For Word, WordPerfect, and PDF files, the text load file must contain the full extracted text from the document, unless the document has been redacted during privilege review, in which case the load file may contain OCR text.

(2) For Word, WordPerfect, and PDF files that contain comments or tracked changes that are not part of the ordinary text, the TIFF images must be generated based on how the document appears when first opened using view settings contained in the file. The receiving party has the option, after reviewing the produced TIFF image, to request the native file.

(d) Microsoft PowerPoint files may, at the Producing Party's discretion, be produced natively or processed and produced as full color, half page, JPEG images with one slide per page. If produced as JPEG images, any presenter notes must appear below each slide.

(e) E-mail.

(1) If the producing party redacts any part of an e-mail before producing it, OCR text may be provided in place of extracted text.

(2) E-mail attachments must be processed as though they were separate documents, and the text load file must include a field in which the producing Party identifies, for each e-mail, the Bates range of any attachment;

(f) Microsoft Excel files and other spreadsheets must be produced in native file format in a separate folder on the production media. The text load file must contain a field that identifies the file path of the native file corresponding to each document, and the Parties must provide a placeholder TIFF image that shows the name of the native file and has a Bates number. If necessary, a party is permitted to redact native spreadsheets, in which case the load file may contain OCR text;

(g) Digital photographs must be produced as full color image files at their original resolution with Bates numbers branded onto them;

8

(h) Before any Party produces any other kinds of electronic data, including data from databases, CAD drawings, GIS data, videos, etc., the Parties shall meet and confer to determine a reasonably useable form for the production.

13. The receiving party has the option, after reviewing a black-and-white TIFF image, to enquire whether the original document contained color and, if so, to request a color image.

14. Except as stated above, a Party need not produce the same electronically stored information in more than one form.

## VII.   EXPERT DISCOVERY

15. Each Party shall not pursue through discovery, trial subpoena or otherwise:

(a) Notes taken by a witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B);

(b) Communications between a witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B) and a Party's representative—including, but not limited to, another witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B)—regardless of the form of the communications, except to the extent that the communications:

(1) Relate to compensation for an expert's study or testimony;

(2) Identify facts or data that a Party provided and that the expert considered in forming the opinions to be expressed; or

(3) Identify assumptions that a Party provided and that the expert relied upon in forming the opinions to be expressed; or

(c) Information relating to non-testifying witnesses excluded from discovery pursuant to Fed. R. Civ. P. 26(b)(4)(D).

## VIII. MISCELLANEOUS PROVISIONS.

16. In order to best protect the confidentiality of information that they may need to disclose in connection with discovery in this action, the Parties may submit an additional stipulation and order pursuant to Federal Rule of Evidence 502(d), for entry by the Court.

17. Before filing any motion with the Court regarding electronic discovery, privilege, or evidence, the Parties shall meet and confer in a good faith attempt to resolve such disputes.

## Appendix A

The exchange of select metadata fields significantly enhances the usability and search characteristics of the production set. Absent an agreement to the contrary, the following metadata fields and confidential designation information shall be provided in a delimited file for any production documents:

| | |
|---|---|
| Bates Beg | Beginning Production # (all documents) |
| Bates End | Ending Production # (all documents) |
| Bates Beg Attach | Beginning Attachment # (all documents) |
| Bates End Attach | Ending Attachment # (all documents) |
| Parent ID | Parent Production # (all documents) |
| Protective Declaration | Confidentiality Designation (all documents) |
| Page Count | Page Count (all documents) |
| Custodian | Custodian (all documents) |
| Deduplicated Custodians | Custodians with identical copies of emails or documents based deduplication methods described in paragraph 8. |
| Author | Author (electronic documents) |
| Date Last Modified | Last Modified Date (electronic documents) |
| Date Received | Received Date (email documents) |
| Date Sent | Sent Date (email documents) |
| Doc Extension | File Extension (email and electronic documents) |
| Email Subject | Email Subject (email documents) |
| Filename | Filename (electronic documents) |
| File size | File size (email and electronic documents) |
| MD5 Hash | MD5 Hash Value (email and electronic documents) |
| Email BCC | BCC (email documents) |
| Email CC | CC (email documents) |
| Email From | From (email documents) |
| Email To | To (email documents) |

| | |
|---|---|
| Time Received | Received Time (email documents) |
| Time Sent | Sent Time (email documents) |
| Title | Title (electronic documents) |
| Native Path | Native File Path (email and electronic documents) |
| Text Path | Text File Path (all documents) |

**STIPULATED, AGREED AND CONSENTED TO BY:**

DATED: August 14, 2020              Respectfully submitted,

/s/ Julia Dayton Klein

**LATHROP GPM LLP**
Julia Dayton Klein (MN Bar #0319181)
Amy Erickson (MN Bar #0399214)
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Julia.DaytonKlein@lathropgpm.com
Amy.Erickson@lathropgpm.com
(612) 632-3153
(612) 632-3470

**CAMPAIGN LEGAL CENTER**
Danielle Lang (admitted *pro hac vice*)
Jonathan Diaz (admitted *pro hac vice*)
Mark Gaber (*pro hac vice* admission pending)
Caleb Jackson*

1101 14th Street NW, Suite 400
Washington, DC 20005
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
mgaber@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
dlang@campaignlegalcenter.org
 (202) 736-2200

*Motion for admission *pro hac vice* forthcoming

11

DATED: August 14, 2020

**KEITH ELLISON**
**Attorney General**
**State of Minnesota**

By *s/ Hillary A. Taylor*
   Jason Marisam (#398187)
   Cicely R. Miltich (#392902)
   Hillary A. Taylor (#398557)

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2131
Telephone: (651) 757-1275
Facsimile: (651) 282-5832
jason.marisam@ag.state.mn.us
cicely.miltich@ag.state.mn.us
hillary.taylor@ag.state.mn.us

**ATTORNEYS FOR DEFENDANT**
**SECRETARY OF STATE STEVE SIMON**

DATED: August 14, 2020

*/s/ Cameron T. Norris*
Thomas R. McCarthy (pro hac vice)
Cameron T. Norris (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com

Richard G. Morgan
LEWIS BRISBOIS
90 South 7th Street
Suite 2800
Minneapolis, MN 55402
612-428-5000
612-428-5001 (fax)
richard.morgan@lewisbrisbois.com

**ATTORNEYS FOR INTERVENORS
DONALD J. TRUMP FOR PRESIDENT,
INC., RNC, NRSC, NRCC, REPUBLICAN
PARTY OF MINNESOTA**